CASANUEVA Judge,
Concurring.
Athough I concur in the court’s decision to affirm the award to the Mother of primary residential responsibility for the parties’ child, I write to discuss two matters.
First, the record strongly suggests that the testimony of the appointed child custody evaluator, a psychologist, was important. Yet, in the seven-page final judgment, the trial court fails to mention that it considered and evaluated this testimony. As the trier of fact in a nonjury proceeding, the trial court is not bound to follow an expert’s recommendation; however, it is bound to consider the testimony. To facilitate appellate review, as well as to avoid a contention that the custody decision was arbitrary, I would suggest that trial courts indicate, at a minimum, that they considered and evaluated the expert testimony in the decisionmaking process.
My second concern involves the child’s visitation with the noncustodial parent. Often, the best predictor of future behavior is past conduct, and the record and the final judgment both indicate that the custodial parent has interfered with visitation in the past. The final judgment provides for the Father, as noncustodial parent, to *674 receive future visitation for approximately forty-seven percent of the year. Without a specific schedule, which the trial court may yet be required to impose, visitation may be disrupted; nevertheless, I am optimistic that the parties can insure that the process works smoothly in the best interest of their child. I am also confident that both parties have been advised by their attorneys that the court possesses statutory authority to guarantee that visitation occurs in accordance with the court’s order, including modification of primary residence and custody pursuant to section 61.13(4)(c)(5), Florida Statutes (2004), when the custodial parent interferes with the noncustodial parent’s visitation rights.